UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DRAKEN INTERNATIONAL, LLC.,**

    **Plaintiff,**

v.                                                            Case No. 8:25-cv-2206-JSM-AAS

**DENEL SOC LTD,**

    **Defendant.**
_____/

## ORDER

The plaintiff, Draken International, LLC, (Draken) requests alternative service on the defendant Denel SOC LTD (Denel). Draken requests permission to serve Denel by email and for the court to direct the Clerk of Court to send the Summons and a copy of the Complaint to Denel by Federal Express mail. (Doc. 10).

This action arises out of Draken's allegation that Denel failed to honor its obligations under an aircraft sale and remote servicing agreement. (Doc. 1). Denel is a South African state-owned company with its principal place of business located at Denel Kempton Park Campus, Atlas Road, Bonaero Park, 1622, South Africa. (Doc. 1). Draken previously requested Denel's counsel to accept service on behalf of Denel, but Denel refused. (Doc. 10, p. 2).

1

Federal Rules of Civil Procedure 4(h) and 4(f) govern serving a foreign corporation. Under Rule 4(h), a foreign corporation, not within any judicial district of the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (4)(f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). If there is no internationally agreed means, Rule 4(f) allows service by a method that is reasonably calculated to give notice. Fed. R. Civ. P. 4(f)(2). Methods reasonably calculated to give notice, unless prohibited by the foreign country's law, include "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(2)(C)(ii), 4(f)(3). District courts have broad discretion to authorize alternative service on a foreign corporation pursuant to Rule 4(f). *See TracFone Wireless, Inc. v. Washington*, 290 F.R.D. 686, 687 (M.D. Fla. 2013) ("The district court has sound discretion to determine 'when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)'" (citing *Rio Properties, Inc. v. Rio Int'l,* 284 F.3d 1007, 1016 (9th Cir. 2002)).

Courts routinely grant alternative service by email on foreign corporations. *See e.g. Purple Innovation, LLC v. Individuals, Corps., Ltd. Liab. Companies*, No. 24-25034-CIV-ALTONAGA/REID, 2025 WL 1755902 at *2 (S.D. Fla. Jan. 27, 2025) (granting leave for alternative service by email when

alternative service was not in violation of an international agreement, and the defendants conducted their business over the internet, used email regularly in their business, and showed email is likely to reach the defendants). Here, alternative service by email is appropriate. *See TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas*, 268 F.R.D. 687, 690 (2010) ("Rule 4(f)(3) allows this Court to authorize any particular method of service of its own choosing, so long as the order does not contradict any applicable international agreement"). South Africa is not a signatory to the Hague Convention, or other international agreement, and service by email is reasonably calculated to give notice. Draken showed Denel likely conducted its business over the internet, used email regularly in its business, and that the email is likely to reach Denel because the notice provision in the aircraft agreement states, "all notices and demands" relating to the agreement may be "sent by electronic mail to KC.Marobela@denel.co.za." (Doc. 10, p. 3).

Further, Draken requests the court to order the Clerk of the Court to address and send by Federal Express mail the summons and copy of the complaint to Denel's address. Draken itself may serve Denel by Federal Express, Direct Signature Required mail pursuant to Rule 4(f)(3). *See TracFone Wireless, Inc. v. Washington*, 290 F.R.D. 686, 688 (M.D. Fla. 2013) (finding FedEx an acceptable method of service under Rule 4(f)(3) and directing the plaintiff to "file a copy of the FedEx 'proof of signature'[,] or substantially

3

equivalent document[,] as proof that service has been effectuated") (citation omitted).

Accordingly, Draken's motion for alternative service (Doc. 10) is **GRANTED** to the extent that Draken may serve the summons and complaint on Denel by email at KC.Marobela@denel.co.za and via Federal Express, Direct Signature Required, to the address of: Denel SOC Ltd d/b/a Denel Aeronautics Denel Kempton Park Campus Atlas Road, Bonaero Park 1622, South Africa.

**ORDERED** in Tampa, Florida on October 17, 2025.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4