**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DRAKEN INTERNATIONAL, LLC,**

      **Plaintiff / Counter-Defendant,**

v.                                                    **Case No. 8:25-cv-2206-JSM-AAS**

**DENEL SOC LTD.,**

      **Defendant / Counter-Plaintiff.**
_____/

**ORDER**

Plaintiff/Counter-Defendant Draken International, LLC (Draken) moves for leave to file under seal portions of: (1) Draken's Motion to Compel Production of Tape Backups and Memorandum of Law (the Motion to Compel) and (2) Exhibit 8 of the Motion to Compel. (Doc. 36). Although, the motion to seal is unopposed Defendant / Counter-Plaintiff Denel SOC Ltd (Denel) filed a response. (Doc. 37). The response confirms Denel supports sealing, but alleges Draken used the motion to seal as a vehicle to challenge Denel's "Attorney's Eyes Only" designation under the parties' Stipulated Protective Order. The alleged challenge to the AEO designation is not relevant to the motion to seal and is not further addressed.

The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See*

1

*Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, the court considers these factors:

(1)   whether allowing access would impair court functions or harm legitimate privacy interests;

(2)   the degree and likelihood of injury if made public;

(3)   the reliability of the information;

(4)   whether there will be an opportunity to respond to the information;

(5)   whether the information concerns public officials or public concerns; and

(6)   the availability of a less onerous alternative to sealing the documents.

*Id.*

Here, the party's interest in keeping the information confidential outweighs the common law right of access. The redacted portions of the Motion to Compel and Exhibit 8 of the Motion to Compel relate to the "architecture of Denel's IT infrastructure, the specific systems compromised in the

ransomware attack, the involvement of South African national-security and law-enforcement agency, and the methods by which Denel has attempted to recover its data." (Doc. 37, pp. 2–3). Denel is a South African state-owned company and public disclosure of this information would reveal vulnerabilities in Denel's IT infrastructure and undermine its efforts to secure its systems. If the redacted portions were made public, there is a high degree of likelihood Denel would suffer injury. Further, Denel's IT infrastructure and efforts to combat the ransomware attack are not of public concern. *See Johnson v. E. Coast Waffles*, No. 6:18-CV-608-JA-LHP, 2023 WL 6621050 at *2 (M.D. Fla. Oct. 11, 2023) (granting the motion to seal where public disclosure of the material created a potential security risk).

Therefore, filing the item is necessary, sealing the item is necessary, and using a redaction, pseudonym, or a means other than sealing is unsatisfactory. *See* Local Rule 1.11(b) M.D. Fla.

Accordingly, Draken's motion to file the redacted portions of the Motion to Compel and Exhibit 8 to the Motion to Compel under seal (Doc. 36) is **GRANTED**.[1] Draken is directed to file the Motion to Compel and Exhibit 8

---

[1] The court notes that an exhibit sealed in relation to a motion does not automatically remain sealed for the purpose of trial. Courts exercise discretion in determining whether sealed exhibits should remain confidential during trial. In *F.T.C. v. AbbVie Products LLC*, the court unsealed previously sealed documents after comparing the parties' interests and determining that the sensitivity of the information had diminished over time. 713 F.3d 54, 71 (2013).

under seal by **July 17, 2026**. Absent a future order to the contrary, these documents will remain under seal until ninety days after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e), M.D. Fla. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires. *Id.*

 **ORDERED** in Tampa, Florida, on July 14, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4