**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DRAKEN INTERNATIONAL, LLC,**

      **Plaintiff / Counter-Defendant,**

**v.**                                            **Case No. 8:25-cv-2206-JSM-AAS**

**DENEL SOC LTD.,**

      **Defendant / Counter-Plaintiff.**

_____/

**<u>ORDER</u>**

Defendant/Counter-Plaintiff Denel SOC Ltd. (Denel) moves for leave to file under seal the unredacted versions of its Opposition to Draken International LLC's Motion to Compel Production of Backup Tapes (the Opposition) (Doc. 38), the Declaration of Thivian Vadivelu (Exhibit 2) (Doc. 38-2), and the Declaration of Russel Brown (Exhibit 1) (Doc. 38-1). (Doc. 42). The motion is unopposed.

The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."

1

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, the court considers these factors:

(1)   whether allowing access would impair court functions or harm legitimate privacy interests;

(2)   the degree and likelihood of injury if made public;

(3)   the reliability of the information;

(4)   whether there will be an opportunity to respond to the information;

(5)   whether the information concerns public officials or public concerns; and

(6)   the availability of a less onerous alternative to sealing the documents.

*Id.*

Here, the party's interest in keeping the information confidential outweighs the common law right of access.[1] The redacted portions of the Opposition, Exhibit 1, and Exhibit 2 relate to the "a ransomware attack on Denel's data systems[,] . . . the architecture and vulnerabilities of Denel's data

---

[1] Denel argues the common-law right of access does not apply because the right of access does not apply to materials filed with discovery motions. (Doc. 42, p. 5) (citing *Chicago Tribune*, 263 F.3d at 1312–13 (11th Cir. 2001) ("[The] documents filed in connection with motions to compel discovery are not subject to the common-law right of access."). However, even assuming the common-law right of access does apply because "discovery material filed in connection with pretrial motions that require judicial resolution on the merits is subject to the common-law right" the material is still due to be sealed. *Id.*

2

environment, . . . and implicates South African national security interests." (Doc. 42, p. 4). If the redacted portions were made public, there is a high degree of likelihood Denel would suffer injury. Further, Denel's IT infrastructure and efforts to combat the ransomware attack are not of public concern. *See Johnson v. E. Coast Waffles*, No. 6:18-CV-608-JA-LHP, 2023 WL 6621050 at *2 (M.D. Fla. Oct. 11, 2023) (granting the motion to seal where public disclosure of the material created a potential security risk).

Therefore, filing the item is necessary, sealing the item is necessary, and using a redaction, pseudonym, or a means other than sealing is unsatisfactory. *See* Local Rule 1.11(b) M.D. Fla.

Accordingly, Denel's motion to file the unredacted versions of the Opposition, Exhibit 1, and Exhibit 2 (Doc. 42) is **GRANTED**.[2] Denel is directed to file the unredacted versions of the Opposition, Exhibit 1, and Exhibit 2 under seal **July 17, 2026**. Absent a future order to the contrary, these documents will remain under seal until ninety days after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e), M.D. Fla. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested

---

[2] The court notes that an exhibit sealed in relation to a motion does not automatically remain sealed for the purpose of trial. Courts exercise discretion in determining whether sealed exhibits should remain confidential during trial. In *F.T.C. v. AbbVie Products LLC*, the court unsealed previously sealed documents after comparing the parties' interests and determining that the sensitivity of the information had diminished over time. 713 F.3d 54, 71 (2013).

non-party must move for relief before the seal expires. *Id.*

ORDERED in Tampa, Florida, on July 14, 2026.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4